IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:17cr131-MHT |
| | ) | (WO) |
| ROBERT JOHN KELLY | ) | |

OPINION AND ORDER

The government has requested an evaluation by the Bureau of Prisons (BOP) of defendant Robert John Kelly's mental health and competency prior to sentencing. Kelly has a lengthy history of severe substance abuse and serious mental illness. He reportedly has been abusing drugs since his early teens. Following his arrest in July 2017, Kelly reported using heroin daily. He reportedly suffers from depression and schizophrenia, and has attempted suicide on three occasions, including recently. While out on pre-trial release in July 2017, Kelly completed an in-patient substance abuse treatment program, but the day following his completion of the program, he was

hospitalized after overdosing on cough and cold medicine. Shortly thereafter, his bond was revoked after he admitted to smoking methamphetamine.

Given the current psychiatric understanding that drug addiction is a disease, albeit a mental one, this court has held that a defendant who suffers from a drug addiction should be properly treated as having a mental disease or illness. *United States v. Mosley*, No. 1:10cr118, 2017 WL 4230221 (M.D. Ala. Sept. 25, 2017) (Thompson, J.). Accordingly, where there is a reasonable basis to believe that a defendant's drug addiction contributed to the conduct underlying his or her conviction, the court should order a mental-health evaluation. Where, as here, the substance abuse co-occurs with serious mental illness, the need for an evaluation is perhaps even greater. Such an evaluation is necessary to aid the court in fashioning an appropriate sentence, by helping to determine (1) how a defendant's substance-abuse and any other mental disorders may affect his or her *culpability* for the

offense conduct; and (2) what type of *treatment*, if any, the defendant should receive during supervised release.  The mental-health recommendation should, therefore, focus on these dual, overlapping issues of culpability and treatment: the role, if any, defendant's mental disorder(s) played in his or her charged conduct, and what treatment is recommended for defendant's disorders in light of his or her individual characteristics and history.

Kelly is facing punishment for mail fraud and bank fraud, and there is reason to believe that his criminal conduct was impacted by his drug addiction and possibly his other mental disorders. Further, while Kelly's mental health was evaluated in the past, he has never received an in-patient, longitudinal assessment. Finally, the need to transfer Kelly to an in-patient setting is urgent because although he was prescribed and taking medication for depression and schizophrenia for the past three or four months, he has not received

3

any of his medication since being incarcerated at the county jail earlier this month.

18 U.S.C. § 3552(b) authorizes the court to order that the study be done by the BOP upon the finding of a "compelling reason" or where there are no adequate professional resources available in the local community to perform the study. In this case, the court seeks a comprehensive, longitudinal evaluation of the defendant's mental health, including whether he has any co-occurring mental illnesses in addition to his substance abuse. There are no locally available resources that could provide such an evaluation in the jail where Kelly is housed (or in any other local jail for that matter). Such an extended and comprehensive evaluation is simply not feasible given the restrictions on access to prisoners in a jail environment. Furthermore, releasing Kelly from jail in order to obtain such an evaluation in the community is not an option due to the high risk that he would begin using drugs again.

The parties have also asked for an evaluation of whether Kelly is competent today and whether he was competent at the time of the offense. While the court does not have serious concerns about those issues, the court finds that it would be sensible to obtain verification of his competence in the course of the comprehensive evaluation the court is already ordering.

Kelly has no objection to the motion or being evaluated. In fact, defense counsel sought a local evaluation but was unable to attain one. Because Kelly does not oppose being transported, and committed, to a Bureau of Prisons facility for the mental-health evaluation, no due-process concerns are raised. *See Mosley*, 2017 WL 4230221 at *5.

***

Accordingly, in order to ensure that defendant Robert John Kelly is not inappropriately punished for having a disease, to assess accurately his culpability

for the offense, to mete out any necessary rehabilitative treatment, and to verify that he is currently competent and was not insane at the time of the offense, it is ORDERED that the motion for a mental-health evaluation (doc. no. 277) is granted as follows:

(1) Pursuant to the provisions of 18 U.S.C. § 4241 and §§ 4247(b) & (c), the United States Marshal for this district shall immediately remove defendant Robert John Kelly to the custody of the warden of an appropriate institution as may be designated by the Attorney General, where he is to be committed for the purpose of being observed, examined, and treated by one or more qualified psychiatrists or psychologists at the institution. The statutory time period for the examination shall commence on the day defendant Kelly arrives at the designated institution. The examination shall be conducted in the suitable facility closest to the court, unless impracticable.

(2) Pursuant to 18 U.S.C. § 3552(b), the examining psychiatrists or psychologists shall evaluate defendant Kelly's psychological condition for the purposes of sentencing and shall include their findings in a report to be presented to this court.

(a) To assist the court in assessing defendant Kelly's culpability, the study shall discuss defendant Kelly's mental-health history and characteristics, and shall particularly address (i) whether he suffers from a substance-abuse disorder and/or other mental disorder(s) and if so, which one(s); (ii) what role, if any, his substance-abuse disorder and/or other mental disorder(s) played in his commission of the offenses for which he now faces sentencing; and (iii) how his substance-abuse disorder and/or other mental disorder(s) impact his ability to refrain from using illegal substances.

(b) In addition to assessing whether defendant Kelly has a substance-abuse or other mental disorder, the study shall provide recommendations for treatment

to be provided to defendant Kelly while on supervised release. The study should address, in light of his failure to stay off drugs after treatment, his personal characteristics, history, and circumstances, and his mental health, which treatment modalities, treatment settings, and supportive or other services are likely to be most effective in helping defendant Kelly to stay off of illegal drugs and to learn to respond to life stressors without resorting to substance abuse. In addition, the study should address whether defendant Kelly would benefit from medication-assisted treatment, or "MAT," for his abuse of opioids.

(3) Pursuant to 18 U.S.C. § 4241 and 4242, the examining psychiatrists or psychologists shall evaluate whether defendant Kelly is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, and whether defendant Kelly was insane at the time of the offense.

(4) Finally, the study shall discuss any other matters the BOP believes are pertinent to the sentencing factors set forth in 18 U.S.C. § 3553(a).

DONE, this the 15th day of November, 2017.

    /s/ Myron H. Thompson
    **UNITED STATES DISTRICT JUDGE**