**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:17cr131-MHT |
| ROBERT JOHN KELLY | ) | (WO) |

**MENTAL-HEALTH OPINION AND ORDER**

Defendant Robert John Kelly pled guilty on August 28, 2017, to conspiracy to commit bank fraud and wire fraud, in violation of 18 U.S.C. § 1349, and possession of stolen mail, in violation of 18 U.S.C. § 1708. Prior to sentencing, the government moved for a mental-competency examination, which was granted. In addition, in light of Kelly's "lengthy history of severe substance abuse and serious mental illness," the court ordered a presentence mental-health evaluation pursuant to 18 U.S.C. § 3552(b), "to ensure that defendant Robert John Kelly is not inappropriately punished for having a disease, to assess accurately his culpability for the offense, [and] to mete out any necessary rehabilitative treatment." *United States v.*

*Kelly*, No. 2:17cr131-MHT, 2017 WL 5483169, at *1-*2 (M.D. Ala. Nov. 15, 2017) (Thompson, J.); *see also United States v. Mosley*, 277 F. Supp. 3d 1294 (M.D. Ala. 2017) (Thompson, J.). In the resulting evaluation report, Bureau of Prisons (BOP) Forensic Psychologist Heather H. Ross, Ph.D., diagnosed Kelly with Severe Stimulant Use Disorder; Severe Opioid Use Disorder; Severe Alcohol Use Disorder; Persistent Depressive Disorder; and Antisocial Personality Disorder. *See* BOP Psychiatric Report (doc. no. 497) at 12.

This case came up for sentencing on July 27, 2018. After finding Kelly competent to proceed, the court resolved that he should be sentenced to a Guidelines sentence of time served (approximately eight months), followed by placement in a residential treatment facility, where he is to receive both substance-abuse and mental-health treatment. The issue of Kelly's treatment plan, including what facility in which to place him and how to transfer him directly there from federal custody to avoid any possibility of relapse,

was then referred to United States Magistrate Judge Susan Russ Walker, who consulted with defense counsel, counsel for the government, and the United States Probation Officer.

After close consultation with magistrate judge and based on evidence presented at a supplemental sentencing hearing on August 3, 2018, the court holds that it will adopt the following treatment plan.

### I. Residential Placement and Substance-Abuse Treatment

The parties and the Probation Department agree that the most appropriate, currently available placement for Kelly is at Fellowship House in Birmingham, Alabama. He has been accepted there for treatment based on the BOP report, and therefore can be transferred directly from federal custody without any additional assessment. Once he arrives, he will be assessed for Medication Assisted Therapy (MAT). The BOP report states that it appears Kelly has benefitted in the past from MAT with Suboxone, adding that "it would be most appropriate to

defer any decision to pursue MAT to the defendant's treatment provider(s)." Psychiatric Report (doc. no. 497) at 18. However, the court has had prior experience with a defendant who should have been assessed for MAT upon arrival at a residential treatment facility, but who was never actually assessed. Accordingly, the court will require that the Probation Department file a report with the court as to whether he has been assessed for, and whether he is receiving, MAT.

Following successful completion of residential treatment, Kelly will be transitioned to outpatient treatment. It is not possible for the court to know at this time how long the inpatient component will be, which may depend in part on how he fares during such treatment. Time in treatment for substance-abuse disorders is closely correlated with successful results, and there is strong evidence that 90 days of treatment is the minimum length necessary to get any positive results from treatment. *See, e.g.*, Nat'l

Inst. Drug Abuse, Nat'l Inst. Health, *Understanding Drug Abuse and Addiction: What Science Says* (Feb. 2016), https://www.drugabuse.gov/publications/teaching-packets/understanding-drug-abuse-addiction/section-iii/6-duration-treatment; Douglas B. Marlowe, *Evidence-Based Sentencing for Drug Offenders: An Analysis of Prognostic Risks and Criminogenic Needs*, 1 Chapman J. Crim. Just. 167, 169 n.11 (2009). Many experts believe that treatment should last at least a year, and more if possible. *See* U.S. Dept. Health & Human Servs. (HHS), Off. Surgeon Gen., *Facing Addiction in America: the Surgeon General's Report on Alcohol, Drugs, and Health* 4-18 (Nov. 2016) ("In general, patients with serious substance use disorders are recommended to stay engaged for at least 1 year in the treatment process ...."). The court, therefore, recommends that Kelly's treatment, whether inpatient or outpatient, last as long as possible, but at least 90 days and preferably a year or longer.

II. Mental-Health Treatment

Fellowship House in Birmingham is equipped to address "dual diagnoses," that is, co-occurring substance-abuse and mental-health disorders. Kelly will thus be able to receive mental-health treatment, in addition to drug treatment. The court will require the Probation Department to verify with Fellowship House whether he will be able to take any current medications with him to their facility, and to file a report to that effect.

III. Direct Transportation to Avoid Relapse

As the court previously emphasized at sentencing, it is crucial that Kelly be transported immediately from jail to inpatient treatment to avoid the serious dangers of opioid relapse. "The two weeks immediately after release is a particularly dangerous period for the formerly incarcerated. ... During this period, the risk of opioid overdose deaths among former inmates was 40 times higher than the general population." Erin Schumaker, *Inadequate Prison Policies Put Former Inmates At Greater Risk of Opioid Death*, Huffington

6

Post (July 31, 2018) (citing Shabbar I. Ranapurwala et al., *Opioid Overdose Mortality Among Former North Carolina Inmates: 2000-2015*, Am. J. Pub. Health (2018)). It is therefore vital for Kelly's safety and well-being that he be transported directly from incarceration to a treatment facility.

To that end, counsel for Kelly is to arrange transportation for Kelly from federal custody to Fellowship House under the conditions stated in open court.

\*\*\*

It is, therefore, ORDERED, pursuant to the recommendation of the magistrate judge and as part of the court's sentence in this case, as follows:

(1) The court adopts the above treatment plan for defendant Robert John Kelly.

(2) Defense counsel is to arrange for defendant Kelly's direct transportation to the Fellowship House, Birmingham, Alabama under the conditions stated in open court.

(3) By August 17, 2018, the Probation Department is to file a report indicating whether defendant Kelly was able to bring any current prescribed medications with him to the Fellowship House.

(4) By October 1, 2018, the Probation Department is to file a report indicating whether defendant Kelly has been assessed for Medication-Assisted Treatment (MAT), and whether he is receiving that treatment.

(5) It is **RECOMMENDED** that defendant Kelly's treatment, whether on an inpatient or outpatient basis, last as long as possible, but at least for 90 days and preferably for a year or longer.

DONE, this the 3rd day of August, 2018.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**